IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Dashona Hightower** | : | TRIAL BY JURY |
| 459 W. Winona Street | : | |
| Philadelphia, PA 19144 | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| v | : | |
| | : | |
| **Fairmount Behavioral Health Systems** | : | |
| 561 Fairthorne Avenue | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| and | : | |
| | : | |
| **Universal Health Services, Inc.** | : | |
| c/o Corporation Service Company | : | |
| 2595 Interstate Dr., Suite 103 | : | |
| Harrisburg, PA 17110 | : | |
| Defendants | : | |

**COMPLAINT**
**42 U.S.C. 1981 AND TITLE VII OF THE CIVIL RIGHTS ACT**

I. **VIOLATION OF 42 U.S.C. 1981**

1. THE PARTIES

   1) Dashona Hightower is an individual who lives in Philadelphia, Pennsylvania and is a citizen of the United States, the Commonwealth of Pennsylvania, and the City of Philadelphia.  Ms. Hightower is an African American.

   2) Fairmount Behavioral Health, Inc. is Pennsylvania Corporation that operates a mental health facility at 561 Fairthorne Avenue, Philadelphia, Pennsylvania 19128.

   3) Universal Health Services, Inc. is a Delaware Corporation that owns and operates acute care hospitals, including Fairmount Behavioral Health, Inc., throughout the United States.

4) Universal Health Services, Inc. represents that it has approximately 94,000 employees throughout the company.

5) In March 2024, Universal Health Care Services reported a net worth of 11.80 billion dollars.

2. JURISDICTION

This action is brought to redress violation of Plaintiff's rights secured by 42 U.S.C. Section 1981 and 42 U.S.C. 2000, et seq. The Eastern District Court for the District of Pennsylvania has jurisdiction over this course .of action pursuant to 28 U.S.C. 1331

3. VENUE

U.S. District Court for the Eastern District of Pennsylvania is the proper venue for this course of action by reason of activities of both Defendants having occurred in the geographical confines of this Court's jurisdiction.

## COUNT I
## 42 U.S.C. 1981
## FAIRMOUNT BEHAVIORAL HEALTH

1) Dashona Hightower (Plaintiff) has worked for Fairmount Behavioral Health, Inc. (Fairmount) for over ten years.
2) On May 20, 2023 Plaintiff graduated as a nurse practitioner.
3) On or about June 7, 2023 Plaintiff "passed her boards".
4) The Plaintiff has the following credentials: Master of Science in Nursing, Registered Nurse, Advanced Practice Registered Nurse, and Psychiatric Mental Health Nurse Practitioner (Board Certified).
5) In June 2023, Plaintiff first applied for the position of Nurse Practitioner at Fairmount but was not hired.
6) Fairmount delayed offering Plaintiff the position for many months, all the while hiring other Nurse Practitioners, none of whom were African American females, and none of whom had comparable experience in psychiatric nursing as the Plaintiff.
7) None of those hired as Nurse Practitioners were African American females.

8) In November 2023, Plaintiff was told by Cynthia Frederic at Fairmount, that Plaintiff did not have enough experience.

9) But for being an African American female, Plaintiff would have been offered the Nurse Practitioner position.

10) The refusal to hire Plaintiff constituted a violation of 42 U.S.C. 1981, as amended.

11) As a direct result of Fairmount's intentional and willful violations of 42 U.S.C. 1981, Plaintiff has suffered emotional damage, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

12) As a direct violation of 42 U.S.C. 1981 Plaintiff is entitled to costs of this litigation and reasonable attorney fees.

13) As a direct, intentional, and willful violation of 42 U.S.C. 1981, Plaintiff is entitled to punitive damages because of the maliciousness, outrageousness of Fairmount's conduct and the reckless indifference of Fairmount to the rights of the individual.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment for Plaintiff and against Fairmount for all damages, pecuniary and non-pecuniary, punitive damages, attorney fees and costs to which Plaintiff is entitled pursuant to 42 U.S.C. 1981.

## COUNT II
## TITLE 7 OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
## FAIRMOUNT BEHAVIORAL HEALTH

14) Paragraphs 1 through 13 are herein incorporated as if set forth in their entirety.

15) In addition to the violations of 42 U.S.C. 1981 by their intentional and willful conduct, Fairmount has also violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000, et seq.

16) Fairmount's refusal to offer Plaintiff the Nurse Practitioner position, while hiring others not similarly situated, was a violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000 et seq., because Fairmount's refusal to offer Plaintiff the position was in part because she is an African American female.

17) Plaintiff duly filed a charge with the Equal Employment Opportunity Commission Opportunity Commission on 12/15/23 and the EEOC issued a Right to Sue letter, a copy of which is attached. *Exhibit A*

18) Because of the direct, willful, and intentional violation of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to backpay, front pay, and all pecuniary and non-pecuniary damages available pursuant to that statute including costs and reasonable attorney fees.

19) Additionally, in that the violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant was willful and intentional, Plaintiff is entitled to punitive damages as provided by law because of the outrageous, malicious behavior of Fairmount, which was also done with reckless disregard of the rights of the Plaintiff which exist at law.

WHEREFORE, the Plaintiff asks that this Honorable Court enter judgment against Fairmount for back pay, front pay, and all pecuniary and non-pecuniary damages available pursuant to that statute, 42 U.S.C. 2000, et seq., including costs and reasonable attorney fees, and punitive damages as provided by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000, et seq.

## COUNT III
## 42 U.S.C. 1981
## UNIVERSAL HEALTH SERVICES, INC.

20) Paragraphs 1 through 19 are herein incorporated as if set forth in their entirety.
21) Universal Health Services Incorporated owns Fairmount Behavioral Health.
22) The employees of Fairmount are all employees and agents of Universal Health Services, Inc.
23) When Plaintiff was denied her rights guaranteed by 42 U.S.C. 1981 by Fairmount, Fairmount was an agent of Universal Health Services, Inc.
24) But for being an African American female, Plaintiff would have been offered the Nurse Practitioner position.
25) The refusal to hire Plaintiff constituted a violation of 42 U.S.C. 1981, as amended.
26) As a direct result of Universal Health Service's intentional and willful violations of 42 U.S.C. 1981, Plaintiff has suffered emotional damage, pain and suffering,

4

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses and punitive damages.

27) As a direct violation of 42 U.S.C. 1981 Plaintiff is entitled to costs of this litigation and reasonable attorney fees.

28) But for the Plaintiff being an African American female, she would have received her rights pursuant to 42 U.S.C. 1981, as amended.

WHEREFORE, the Plaintiff asks that this Honorable Court enter judgment against Universal Health Services, Inc., for all pecuniary and non-pecuniary damages available pursuant to 42 U.S.C. 1981, including costs and reasonable attorney fees, and punitive damages as provided by 42 U.S.C. 1981.

04/04/2024  s/ Howard K. Trubman, Esq.
Date  Howard K. Trubman, Esq.
  PA State Bar No. 24696
  Attorney for Plaintiff
  1650 Market Street, Suite 3637
  Philadelphia, PA 19103
  215-206-5306

# CERTIFICATE OF SERVICE

      **I**, Howard K. Trubman, Esq., certify that on this date the foregoing document was filed by personal service on

                Fairmount Behavioral Health
                561 Fairthorne Avenue
                Philadelphia, PA 19128
                        and

                Universal Health Services, Inc.
                c/o Corporation Service Company
                2595 Interstate Dr., Suite 103
                Harrisburg, PA 17110

<u>04/04/2024</u>                                                              <u>s/ Howard K. Trubman, Esq.</u>
Date                                                                      Howard K. Trubman, Esq.

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/06/2024

**To:** Dashona Hightower
459 W. Winona St.
Philadelphia, PA 19144
Charge No: 530-2024-02831

EEOC Representative and phone:

Legal Unit Representative
267-589-9707

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
03/06/2024

Karen McDonough
Deputy District Director

8